F. H. WHITAKER, Appellant, v. P. G. HICKS, J. Z. ADAMS, JOHN W. BAIN.

Conveyance by Co-Tenant: RATIFICATION: EVIDENCE. In an action to set aside a conveyance of land owned by plaintiff and others as joint tenants which had been conveyed by one of the co-tenants purporting to do so for himself and plaintiff, the evidence is considered and held to show a ratification of the sale by plaintiff.

*Appeal from Harrison District Court.*—HON. N. W. MACY, Judge.

SATURDAY, MAY 7, 1904.

ACTION for partnership accounting, and to set aside conveyance of partnership property. Decree for defendants. Plaintiff appeals.—*Affirmed.*

*Roadifer & Arthur* for appellant.

*J. J. Stewart* and *Cochran & Egan* for appellees.

McCLAIN, J.—It appears that in February, 1900, the defendant Adams and the plaintiff had a contract for the purchase of a farm, which they subsequently assigned to Hicks, and that they thereupon entered into a partnership arrangement with Hicks, by which the three of them were to be the owners of the farm, and carry it on as partners. This partnership agreement was not made, however, until in November following; and about the same time a deed to the farm, in pursuance of the contract of sale, was made to Hicks. In January, 1901, Hicks conveyed the land to defendant Bain, claiming the right to do so as sole owner, while plaintiff contends that he still retains his one-third interest in the land under the partnership arrangement.

The controversy hinges on the effect to be given to a transaction between defendant Hicks and defendant Adams, which, as testified to by each of them, amounted to a transfer by Adams, purporting to act for himself and Whitaker, of their interests to Hicks. It appears that Adams and Whitaker had been partners in other business transactions, and we are inclined to think that the evidence shows a partnership between them with reference to the purchase of this farm, and that, as partners, they transferred the contract of purchase to Hicks; taking him into the arrangement because they could, through him, secure a loan of the money necessary to effect the purchase. At any rate, the money which they advanced in the purchase, constituting the entire amount which they at any time invested, was $1,120, which appears to have been invested out of their partnership funds. If this was the relation of the parties, then, undoubtedly, Adams, as one of the partners, had authority to contract for the sale of the

two-thirds interest of the partnership to Hicks, the third partner, in the ownership of the farm. The amount agreed upon between Hicks and Adams, which was to be paid by Hicks for the two-thirds interest of the others, was paid, as he claims, by two checks—one for $1,000, another for $400, and the balance out of his share of the proceeds of the profits of the farm conducted by Adams & Whitaker. There seems to be no question but that the two checks, at least, went into the partnership business of Adams & Whitaker, and were included in a subsequent settlement of their partnership affairs. Plaintiff, having accepted the benefit of this sale of the joint interest belonging to himself and Adams in the farm, cannot now question the authority of Adams to make the transfer. But even if a partnership relation is not shown to have existed between Adams and Whitaker, such as to authorize Adams to bind Whitaker by a transfer of their two-thirds interest in the farm, Whitaker is conclusively bound by a ratification of that transaction, for the $1,000 check was made payable to the order of J. Z. Adams and F. H. Whitaker, and bore in the corner a memorandum, "Part payment for the Wilsey farm;" that being the name by which the farm in question was known. Whitaker was advised by Adams that he was one of the payees named in the check, and that it was given, as Hicks understood, as part payment for the joint interest of the two; and, although he protested to Adams that he was not selling his interest to Hicks, he indorsed the check, and the money realized thereon was disposed of for the joint interests of the two, as already stated. Clearly, plaintiff is in no position, therefore, to contend that his interest in the farm did not pass to Hicks by the transaction between Hicks and Adams. It is not contended by plaintiff that any portion of the purchase money agreed to be paid as between Hicks and Adams, acting for Adams & Whitaker, remains unpaid, and we reach the conclusion, therefore, that the trial court was right in denying plaintiff any relief, and in quieting title to the farm in Bain, the grantee of Hicks.—AFFIRMED.